UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PEDRO JAMES RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01341-TWP-MPB |
| | ) | |
| CORIZON HEALTH, | ) | |
| BRUCE IPPLE, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting *In Forma Pauperis* Status,
Screening and Dismissing Complaint, and
Directing Plaintiff to Show Cause**

Plaintiff Pedro James Rodriguez initiated this action on April 28, 2017, pursuant to 42 U.S.C. § 1983. The Court makes the following rulings.

I. *In Forma Pauperis* Status

The motion for leave to proceed *in forma pauperis*, [dkt. 2], is **granted**. Plaintiff is assessed an initial partial filing fee of seven dollars and eight cents ($7.08), which must be paid to the clerk no later than **June 12, 2017**.

II. Screening of the Complaint

A. Legal Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson*

1

*v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting *Fed. R. Civ. P.* 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (internal quotation omitted)). The complaint "'must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Liberal construction means that if the Court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so.

B. Analysis

As an initial matter, the Court notes that Plaintiff's complaint is unsigned. Rule 11 of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." *See also Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986). Should plaintiff wish to proceed with this action, in light of the remainder of this Entry, he shall ensure that any amended complaint he elects to file is signed.

Corizon Health and Doctor Bruce Ipple are the named defendants. Plaintiff seeks monetary damages for pain and suffering and to have his finger "properly [looked] at and [fixed]." Plaintiff alleges that the defendants violated his medical rights because they knew he broke his finger on October 28, 2015, yet he still had pain and stiffness in his finger as recently as July 21, 2016. Dr. Ipple's role in treating plaintiff's injury is very briefly described, but no specific allegations are made against Corizon. Section 1983 liability cannot be premised on vicarious liability. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009). The claim against Corizon is **dismissed for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A(b)(1).

Plaintiff's sole allegation against Dr. Ipple is that Dr. Ipple saw him on June 28, 2016, and "sent [an] email requesting suggestion[s] about my finger." There are no allegations that Dr. Ipple refused to treat plaintiff's pain or was otherwise deliberately indifferent to plaintiff's medical needs. The claim against Dr. Ipple is **dismissed for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A(b)(1).

While there are other individuals named in the complaint's statement of claim section, they are not identified as defendants and no specific allegations are made against them. The complaint alleges that plaintiff's hand was x-rayed and placed in a cast and he subsequently received occupational therapy for displacement. The Court has employed a liberal interpretation of the pro se complaint, but is unable to identify a viable section 1983 claim against any of the persons plaintiff mentions. The treatment plaintiff pleads he received was not "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" his condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.1996) (internal quotations omitted). Accordingly, the complaint

is **dismissed for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A(b)(1).

### III. Opportunity to Show Cause

The Court has found no viable section 1983 claim in the complaint. It is **dismissed**. Plaintiff shall have through **June 12, 2017, in which to show cause** why this action should not be dismissed and judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). The failure to show cause or file an amended complaint by the stated deadline may result in this action being dismissed and judgment entered without further notice.

**IT IS SO ORDERED.**

Date: 5/2/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Pedro James Rodriguez
119933
New Castle - CF
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362